Susannah MELLETT, Respondent,

v.

FAIRVIEW HEALTH SERVICES, et al., Respondents,

David Lee JOHNSON, M.D., Petitioner, Appellant,

Dr. DAVIS, Defendant.

No. CX–00–608.

Supreme Court of Minnesota.

Oct. 18, 2001.

Barbara A. Burke, Andrea E. Reisbord, Cousineau, McGuire & Anderson, Ch., Minneapolis, for appellant David Lee Johnson, M.D.

Susannah Mellett, Edina, pro se respondent.

Mark R. Whitmore, Bassford, Lockhart, Truesdell & Briggs, P.A., Minneapolis, for respondent Fairview Health Services, et al.

## OPINION

PAGE, Justice.

Pro se respondent Susannah Mellett brought this action alleging defamation, intentional infliction of emotional distress, false imprisonment, and negligence against respondents Fairview Health Services, Fairview University Medical Center, Daniel K. Anderson, Marcia Molinari, Barbara Hogan, and Fairview University Medical Center Staff (the Fairview defendants), appellant David Johnson, M.D. (Dr. Johnson), and defendant Dr. Davis.[1] Dr. Johnson and the Fairview defendants moved for summary judgment seeking dismissal of all of Mellett's claims. Dr. Johnson's motion asserted that Mellett's claims were barred by the applicable two-year statute of limitations. The Fairview defendants, in addition to the statute of limitations, asserted that Mellett's claims were barred by Minn.Stat. § 145.682 (2000) because she failed to provide an adequate expert affidavit. The district court granted summary judgment to Dr. Johnson and the Fairview defendants on all claims. The court held that all of Mellett's claims, with the exception of her false imprisonment claim against the Fairview defendants, were time-barred. The court further held that, under Minn.Stat. § 145.682, the Fairview defendants were entitled to summary judgment on the false imprisonment claim because Mellett failed to provide an adequate expert affidavit.

On appeal, the court of appeals affirmed the district court on all but Mellett's false imprisonment claim. The court held that Mellett's false imprisonment claim, which the Fairview defendants admitted was timely commenced against them, was also timely commenced against Dr. Johnson because a joint enterprise arguably existed between him and some of the Fairview defendants. With respect to the Fairview defendants, the court of appeals held that Mellett need not comply with the expert affidavit requirement of Minn.Stat. § 145.682 in pursuing her false imprisonment claim. Both Dr. Johnson and the Fairview defendants petitioned this court for review of the court of appeals' decision on the false imprisonment claim. Mellett

---

1. Dr. Davis was dismissed with prejudice by order of the district court pursuant to a stipulation by the parties.

did not file a cross-petition seeking review of the court of appeals' affirmance of the district court's dismissal of her other claims. We granted Dr. Johnson's petition, but denied the Fairview defendants' petition. For the reasons discussed below, we reverse the court of appeals and reinstate the district court's judgment in favor of Dr. Johnson.

The relevant facts, viewed in the light most favorable to Mellett, are as follows. On January 3, 1997, Mellett voluntarily sought chemical dependency treatment at Fairview Southdale Hospital. While there, she was placed on a 72–hour hold as authorized by Minn.Stat. § 253B.05, subds. 1, 3 (2000), and transported to Fairview Riverside Medical Center (Fairview Riverside) where Dr. Johnson, a psychiatrist, treated her. Mellett voluntarily remained at Fairview Riverside, in the hospital's chemical dependency program, after the 72 hour hold expired. On January 10, Mellett initially wanted to leave the program, but changed her mind after speaking with her mother. Shortly afterwards, Fairview Riverside initiated another 72–hour hold. At some point before this second hold expired, Fairview Riverside filed a petition to have Mellett involuntarily committed. As part of the commitment proceeding, Dr. Johnson completed an "Examiner's Statement in Support of Petition for Commitment." According to Mellett, when the second 72–hour hold expired, Fairview Riverside continued to hold her pending resolution of the commitment petition. At a preliminary hearing on January 21, a referee ordered Mellett released and scheduled another hearing for January 24. Mellett claims that, despite the referee's order, Fairview Riverside did not allow her to leave for several hours. At the January 24 hearing, the referee found that Mellett's chemical dependency problems could be adequately addressed through voluntary inpatient treatment and thus dis-missed Fairview Riverside's commitment petition without prejudice.

Two years later, on January 21, 1999, Mellett served a copy of the summons and complaint in this matter on the Fairview defendants. At some point between January 22, 1999, and January 25, 1999, she delivered a copy of the summons and complaint to the Hennepin County Sheriff for service on Dr. Johnson.

Dr. Johnson, asserting that all of Mellett's claims were time-barred, moved for summary judgment. In response to the motion, Mellett argued that her false imprisonment claim against Dr. Johnson was not time-barred because Dr. Johnson and the Fairview defendants were engaged in a joint enterprise and, as a result, timely service on the Fairview defendants constituted timely service on Dr. Johnson. The district court rejected this argument and granted Dr. Johnson's motion.

On appeal, the court of appeals affirmed the district court on three of Mellett's claims, but held that her false imprisonment claim was not time-barred. *Mellett v. Fairview Health Servs.*, No. CX–00–608, 2000 WL 1376544, at *1, *3 (Minn.App. Sept.26, 2000). The court concluded that, with respect to the false imprisonment claim, Mellett timely served the summons and complaint on the Fairview defendants on January 21, 1999, which was within two years of January 21, 1997, the date her false imprisonment cause of action accrued. *Id.; see* Minn.Stat. § 541.07(1) (1998) (stating that false imprisonment actions "shall be commenced within two years"). With respect to Dr. Johnson, the court noted that Mellett had delivered a copy of the summons and complaint to the Hennepin County Sheriff for service on Dr. Johnson no earlier than January 22, 1999. Nevertheless, the court concluded

that, because Dr. Johnson and the Fairview defendants were arguably involved in a joint enterprise, the "controlling date of service" for all defendants was January 21, 1999, the date Fairview was served. *Mellett*, 2000 WL 1376544, at *1 n. 1. As a result, the court held that "Mellett's complaint was timely served within two years of the date that her false imprisonment cause of action accrued." *Id.* at *3.

We granted Dr. Johnson's petition for review to address two issues: (1) whether the court of appeals properly inferred the existence of a joint enterprise between Dr. Johnson and the Fairview defendants; and (2) if the joint enterprise was properly inferred, whether service of process on one participant in the joint enterprise constituted service on all participants in the joint enterprise for statute of limitation purposes.

■ This court reviews an order granting summary judgment to determine whether there are any genuine issues of material fact for trial and whether the lower courts erred in their application of the law. *See Amaral v. Saint Cloud Hosp.*, 598 N.W.2d 379, 383 (Minn.1999).

■ Based on the record before us, it is clear that Mellett's false imprisonment claim accrued on January 21, 1997, that the applicable statute of limitations is two years, and that Mellett's January 22, 1999, delivery of the summons and complaint to the Hennepin County Sheriff for service on Dr. Johnson was not within the two-year limitations period. *See* Minn. R. Civ. P. 3.01(c) (providing that civil action is commenced when summons is delivered to sheriff for service if actually served within 60 days). Therefore, Mellett's claim is time-barred unless she can prevail on her joint enterprise theory. She cannot.

■ Resolution of Mellett's claim is governed by our recent decision in *Ryan Contracting, Inc. v. JAG Investments, Inc.*, 634 N.W.2d 176, 177 (Minn. 2001), where we held, among other things, that service of process on one member of a joint venture does not constitute service on the other members of the joint venture for statute of limitations purposes. We based that holding on our conclusion that there is no provision in our civil procedure rules permitting service of process on a defendant through service on another party with whom the defendant is engaged in a joint venture. *Id.* at 184–85. While *Ryan Contracting* involved an alleged joint venture and this case involves an alleged joint enterprise, the differences that exist between the two do not suggest that they should be treated differently for purposes of service of process. A joint enterprise requires " '(1) a mutual understanding for a common purpose, and (2) a right to a voice in the direction and control of the means used to carry out the common purpose.' " *Olson v. Ische*, 343 N.W.2d 284, 288 (Minn. 1984). The basic difference between a joint venture and a joint enterprise is that "[a] business relationship is needed for a joint venture but not for a joint enterprise." *Id.* More precisely, a joint venture requires an agreement to share profits as well as a contract demonstrating the existence of the joint relationship. *Bray v. Chicago Rock Island and Pac. R. Co.*, 305 Minn. 31, 39, 232 N.W.2d 97, 102 (1975). Because these differences demonstrate that the relationship between joint-venture participants is closer than the relationship between joint-enterprise participants, the case for joint-enterprise-based service being effective for statute of limitations purposes is even weaker than the case for joint-venture-based service. Accordingly, the district court was correct when it found that Mellett's false imprisonment

claim was time-barred.[2] We therefore reverse the court of appeals' decision and reinstate the district court's order granting Dr. Johnson's motion for summary judgment.

Reversed.

BLATZ, C.J., took no part in the consideration or decision of this case.

**2.** As a fallback argument, Mellett claims that her false imprisonment claim accrued on January 24, 1997. In essence, her argument is that, although she was physically released on January 21, the false imprisonment continued until January 24 because that is the day the commitment petition was dismissed. This argument fails because one of the elements of false imprisonment is actual confinement, *Blaz v. Molin Concrete Prods. Co.*, 309 Minn. 382, 385, 244 N.W.2d 277, 279 (1976), and Mellett has not alleged that she was actually confined past January 21. Mellett also argues that January 24 is the proper accrual date because that is when Dr. Johnson stopped treating her. Although Mellett has never alleged that she received actual treatment from Dr. Johnson after January 21, she argues that Dr. Johnson would have resumed treating her if the commitment petition had been granted at the January 24 hearing. This argument is without foundation, however, because the petition was not granted.